IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

_____

JUDY WANG                              *
                                       *
        Plaintiff,                     *
                                       *
v.                                     *    Civil No. 3:05-CV-2091-H
                                       *
PRUDENTIAL FINANCIAL CORP.;            *
PRUDENTIAL INSURANCE COMPANY           *
OF AMERICA d/b/a PRUDENTIAL            *
INSURANCE COMPANY; and                 *
RICHARD TRETA,                         *
                                       *
        Defendants.                    *

## MEMORANDUM OPINION AND ORDER

Before the Court are Defendants' Partial Motion to Dismiss for Failure to State a Claim, along with a supporting brief and appendix, filed November 22, 2005; Plaintiff Judy Wang's Memorandum in Opposition to Defendants' Partial Motion to Dismiss, filed December 12, 2005; and Defendants' Reply to Plaintiff's response, filed December 20, 2005.

For the reasons stated herein, the motion to dismiss is granted to the extent it is unopposed, and otherwise denied as premature.

### I. Background

Plaintiff Judy Wang is an Asian citizen, over the age of fifty, who resides in Dallas County. Defendants Prudential Financial Corporation and Prudential Insurance Company of America d/b/a Prudential Insurance Company [collectively, "Prudential"] employed Wang as an insurance agent until October 2004, when her employment was terminated.  Liberally construed, Plaintiff's Original Complaint, filed on October 24, 2005, alleges the following causes of action against Prudential and manager Richard Treta: violation of the Age Discrimination in Employment Act of 1967 ["ADEA"];

violation of Title VII (race discrimination, racially hostile working environment, and retaliation); violation of 42 U.S.C. § 1981 ["Section 1981"]; violation of the Texas Labor Code and Texas Human Rights Act ["TCHRA"]; intentional infliction of emotional distress; negligent supervision, retention, and training; and defamation.  Wang asks for compensatory damages, front pay, back pay, punitive damages, and reinstatement.

Defendants now move to dismiss the majority of Plaintiff's claims.  In her response, Plaintiff abandons the following:  (1) claims against Treta, individually, under the ADEA, Title VII, and the TCHRA; (2) claims against Prudential for Title VII race discrimination and retaliation; (3) claims against Prudential under the TCHRA; (4) "disparate impact" as a basis for any claim; and (5) the claim for intentional infliction of emotional distress.  Defendants do not move to dismiss Plaintiff's core causes of action for violation of the ADEA and Section 1981.  Accordingly, this opinion addresses only (1) the scope of Plaintiff's ADEA claim; and (2) the remaining state-law claims.

## II. Standard

In considering a motion to dismiss a complaint for failure to state a claim, the Court must accept as true the non-movant's well-pleaded factual allegations and any reasonable inferences to be drawn from them.  *See Tuchman v. DSC Comms. Corp.*, 14 F.3d 1061, 1067 (5th Cir. 1994); FED. R. CIV. P. 12(b)(6).  Under Rule 8(a) of the Federal Rules of Civil Procedure, a complaint must include only a short and plain statement of the claim showing that he or she is entitled to relief.  FED. R. CIV. P. 8(A)(2).  With limited exceptions, not present in this case, the simplified pleading standard applies to all civil actions.  *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512 (2002).  Generally, to determine a motion to dismiss under Rule 12(b)(6), the Court may not look beyond the pleadings.  *See Mahone v. Addicks Util. Dist.*, 836 F.2d 921, 936 (5th Cir. 1988).

Dismissal for failure to state a claim is not favored by the law. *Id.* at 926.  A plaintiff's

complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the

plaintiff "can prove no set of facts" to entitle him or her to relief. *Conley v. Gibson*, 355 U.S. 41, 45-

46 (1957); *see Scheuer v. Rhodes*, 416 U.S. 232, 236 (1974) ("The issue is not whether a plaintiff

will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.").

With this standard in mind, the Court turns to Defendants' motion.

### III.  Analysis

A.     <u>Age Discrimination in Employment Act</u>

Defendant moves to limit the scope of Plaintiff's ADEA claim against Prudential.  Under the

Age Discrimination in Employment Act, an employer may not "limit, segregate, or classify his

employees in any way which would deprive or tend to deprive any individual of employment

opportunities or otherwise adversely affect his status as an employee, because of such individual's

age." 29 U.S.C. § 622(a)(2); *see id.* §§ 621-634.  In this case, the gravamen of Plaintiff's complaint

is that because of her older appearance, she was denied the opportunity to publish her photograph

to advertise and sell lucrative automobile insurance policies.  Defendant contends that based on

Plaintiff's charge of discrimination filed with the Equal Opportunity in Employment Commission

["EEOC Charge"], her ADEA claim should be limited solely to that factual basis.  Plaintiff argues

that she should be allowed to pursue a claim under the ADEA for age-related disparate treatment in

training, reimbursement, and support policies; for termination because of her age; for an age-based

hostile working environment; and for age discrimination in other (unidentified) employment

practices.  *See* Pl. Comp. ¶¶ 9-11, 13-14, 22, 24.

Under Fifth Circuit law, an ADEA lawsuit may be based not only on the specific complaints

in the employee's EEOC charge, but also on any kind of discrimination "like or related to" the

3

charge's allegations. *Fine v. GAF Chemical Corp.*, 995 F.2d 576, 578 (5th Cir. 1993). The scope of an ADEA complaint is limited to the scope of the EEOC investigation that can reasonably be expected to grow out of the charge of discrimination. *Id.*; *Kojin v. Barton Protective Servs.*, 339 F. Supp. 2d 923, 926 (S.D. Tex. 2004); *see Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 466 (5th Cir. 1970) (creating the standard in the Title VII context). To decide the issue in this case, the Court must at a minimum consider the factual statements in the EEOC charge; the supplementary factual materials, if any, filed with the charge; and the factual underpinnings of the ADEA claims that Plaintiff contends are "within the scope" of the charge. Such a determination would require the Court to go impermissibly outside the pleadings. *See Mahone*, 836 F.2d at 936. Accordingly, Defendants' motion must be denied, without prejudice to Defendants' reasserting it in the context of a motion for summary judgment at the appropriate juncture. *See* FED. R. CIV. P. 12(b)(6) & 56.

B.     Tort Claims

Defendants ask the Court to dismiss two of Plaintiff's state law tort claims. In Plaintiff's Complaint, filed October 24, 2005, she asserts causes of action for defamation and for negligent hiring, training, supervision, and retention. Under Texas law, the statute of limitations for a defamation claim is one year. *See* Tex. Civ. Prac. & Rem. Code. § 16.002(a). According to Plaintiff, the claim of defamation arises from statements made "in the process of her termination." Pl. Resp. at 9. Defendants allege that Plaintiff was terminated on October 8, 2004, and the defamation claim thus foreclosed. *See* Def. App., at 1. Given the vagueness of what time frame may be encompassed by the "process" of termination, however, the Court declines to eliminate Plaintiff's opportunity to discover and produce evidence on this issue. See *Conley,* 355 U.S. at 45-46. Defendants' motion is denied without prejudice to reasserting a statute of limitations defense in a motion for summary judgment.

4

Finally, Defendants argue that Plaintiff's claim against Prudential for negligent supervision, hiring, training, and retention of Defendant Treta is subsumed by the federal discrimination claims. Under Texas law, an employer cannot be held liable for negligently hiring and retaining an employee unless the employee committed an independent, actionable tort.  *Johnson v. Blue Cross/Blue Shield of Tex.*, 375 F. Supp. 2d 545, 550 (N.D. Tex. 2005) (citing Texas cases).  Since Plaintiff's predicate cause of action for the tort of defamation against Treta remains pending, this final cause of action, too, survives.  Defendants' motion to dismiss is thus denied, similarly without prejudice.

### IV.  Conclusion

For the reasons given above, Defendants' motion is **GRANTED IN PART** (to the extent it has not been opposed) and **DENIED IN PART** (as to all other claims).  The following causes of action are **DISMISSED WITH PREJUDICE**:  (1) claims against Treta, individually, under the ADEA, Title VII, and the TCHRA; (2) claims against Prudential for Title VII race discrimination and retaliation; (3) claims against Prudential under the TCHRA; (4) "disparate impact" as a basis for any claim; and (5) the claim for intentional infliction of emotional distress.  All other claims remain pending in this case.

In Plaintiff's response, she asks for leave of Court to file an amended complaint.  The request is **GRANTED**.  *See* FED. R. CIV. P. 15(a).  Plaintiff is **DIRECTED** to file an amended complaint consistent with this order and consistent with the representations in her response, and to file it electronically by **noon, May 31, 2006.**

SO ORDERED.

DATED:  May 25, 2006

_____
BAREFOOT SANDERS, SENIOR JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS