UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY WANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-2091-B |
| | § | |
| PRUDENTIAL FINANCIAL CORP., | § | |
| PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA d/b/a PRUDENTIAL | § | |
| INSURANCE COMPANY, and | § | |
| RICHARD TRETA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for Summary Judgment (doc. 68), and Defendants' Rule 12(b)(6) Partial Motion to Dismiss for Failure to State a Claim Upon Which Relief May be Granted (doc. 67). The Court GRANTS both motions for the reasons stated below.

### I.  Factual and Procedural Background

Plaintiff Judy Wang is an Asian female over age 50. (*See* May 25, 2006 Memorandum Order at 1). Defendants Prudential Financial Corporation and Prudential Insurance Company of America d/b/a Prudential Insurance Company (collectively, "Prudential") employed Wang as a statutory insurance agent until her employment was terminated in October 2004. (App. in Supp. Defs.' Mot. Summ. J. ["Defs. App."] at 2). In December 2003, Wang entered into a "Statutory Agent Agreement" (the "Agreement") with Prudential, pursuant to which she was appointed an agent of the company able to provide investment advisory services and to solicit applications for various financial services and insurance products issued or marketed by Prudential. (*Id.* at 2, 5). The

1

Agreement specified that nothing contained in the Agreement was intended to create a contract of employment for any definite period of time and that Wang's association with Prudential was terminable at-will by Wang and Prudential alike, with or without notice. (*Id.* at 2, 11).

In March 2004, Richard Treta, the Managing Director of Prudential's Lone Star Agency out of which Wang worked, was notified that Wang's adult son, John M. Wang, had been listed as one of two primary beneficiaries on a life insurance policy application written by Wang on behalf of a client, Charlene Weathers. (*Id.* at 1-2). Without receiving the approval of Treta or anyone in agency management, Wang listed her son as Weathers's "adopted grandson" on the policy application. (*Id.* at 2). Treta notified Prudential's Retail Compliance and Risk Management team (the "Compliance Team") that this designation potentially violated the company's compliance policies. (*Id.*). The Compliance Team reviewed Weathers's policies and discovered that Wang had completed a change of ownership on a previously-issued $75,000 policy naming her son as the new policyholder and primary beneficiary. (*Id.*). The policy had originally been sold by Wang and issued to Weathers in December 2001, with John M. Wang being identified as Weathers's "adopted grandson", both on the original policy application and on the change of ownership form. (*Id.*).

Prudential investigated the matter and determined that while Wang and Weathers did in fact have a close personal relationship, John M. Wang was neither an immediate family member of Weathers', nor was he her grandson, or even a legally adopted grandson. (*Id.* at 2-3). Treta asserts that, after interviewing Wang, it appeared to him that both applications had been completed for Wang's own personal compensation as opposed to the best interests of the client, Weathers. (*Id.* at 3). Prudential determined that, in misrepresenting the relationship of her son to the client, Wang had created a potential conflict of interest by placing herself and/or her son in a position to benefit

2

from a client's life insurance policy.  (*Id*.).  Treta determined that Wang's actions were in violation of company policies, and he recommended the termination of her employment.  (*Id*.).  The Compliance Team accepted this recommendation and decided to terminate Wang as a Prudential agent.  (*Id*.).  Treta notified Wang of the termination decision on October 8, 2004.  (*Id*.).  Treta asserts that Wang's race, sex, and/or age played no role in her termination.  (*Id*.).

Wang filed a Charge of Discrimination ("Charge") with the Equal Employment Opportunity Commission ("EEOC") on July 25, 2005.  (*Id*. at 13-14).  On her Charge Wang checked the box for "age" discrimination, but no other, and described the particulars of her complaint as follows:

> I believe I was discriminated against because of my age, 56, in violation of the Age Discrimination in Employment Act.   I have found out as of July 22, 2005, in the Asian Gazette newspaper, that a younger Prudential Financial insurance agent, Linda Wu Jordan, whom I had previously worked with, has been allowed to advertise as an automobile insurance agent.  When she previously worked with me, she did not have the license for automobile insurance but when she obtained it, she was allowed to advertise as an automobile insurance agent and I was not allowed to do so while I was employed at Prudential Financial.

(*Id*. at 14).  Wang filed this lawsuit on October 24, 2005, bringing the following causes of action against Prudential and Treta for violations of the Age Discrimination in Employment Act of 1967 ["ADEA"]; Title VII (race discrimination, racially hostile work environment, and retaliation); 42 U.S.C. § 1981; and the Texas Labor Code and Texas Human Rights Act ["TCHRA"]; and for intentional infliction of emotional distress, negligent supervision, retention, and training, and defamation.  (*See generally* Pl.'s Orig. Compl.).  On November 22, 2005, Defendants filed a partial motion to dismiss Wang's claims under Rule 12(b)(6), Federal Rules of Civil Procedure.  On May 25, 2006, Judge Barefoot Sanders, to whom this case was originally assigned[1], issued an order

_____

[1] This case was transferred to this Court on July 21, 2006 pursuant to Special Order No. 3-253.

granting the motion in part, dismissing with prejudice Wang's claims against Prudential for violations of the TCHRA and for race discrimination and retaliation under Title VII. (*See* May 25, 2006 Memorandum Opinion and Order at 5). Wang's Title VII, TCHRA, and ADEA claims asserted against Treta in his individual capacity were dismissed as well. (*Id.*). Shortly after the Court issued its order, Wang filed a First Amended Complaint asserting claims for age discrimination under the ADEA and Section 21 of the Texas Labor Code, race discrimination, disparate treatment, and hostile work environment under 42 U.S.C. § 1981, negligent supervision and retention, and defamation. (*See generally* Pl.'s First Am. Compl.). With Wang's consent, her counsel withdrew from their representation on August 29, 2006, and Wang has been proceeding *pro se* ever since. On September 15, 2006, Wang filed a Second Amended Complaint in which she asserts that Prudential wrongfully terminated her and in so doing breached a contact, breached the duty of good faith and fair dealing, and violated "her rights to be free from hostile work environment, age, sex, and/or race discrimination[.]" (Pl.'s Sec. Am. Compl. at p. 1).[2] Wang also alleges that Prudential has failed to pay her certain earnings, benefits, and commissions to which she claims entitlement. (*Id.*).

On September 22, 2006, Defendants filed a partial motion to dismiss under Rule 12(b)(6) seeking to dismiss all potential claims asserted against Treta in his individual capacity in this lawsuit as well as Wang's breach of the duty of good faith and fair dealing claim against Prudential. On October 11, 2006, Defendants filed a motion for summary judgment seeking the dismissal of Wang's

---

[2] Wang fails to identify the specific statutory bases for these claims in her Second Amended Complaint. The Second Amended Complaint does, however, incorporate by reference the jurisdictional and venue averments contained in Wang's First Amended Complaint, which, in turn, reference 42 U.S.C. § 1981, the ADEA, and Section 21 of the Texas Labor Code. (*See* Pl.'s First Am. Compl. at ¶ 6). In the wake of Judge Sanders's May 25, 2006 order and in light of the allegations contained in Wang's Second Amended Complaint, Prudential proceeds on the assumption that Wang is asserting claims for race discrimination under § 1981, age discrimination under the ADEA, and sex discrimination under Title VII.

claims for breach of contract, breach of the duty of good faith and fair dealing, and all of her discrimination-based claims. Prudential did not address Wang's assorted claims related to Prudential's alleged failure to pay her certain earnings and benefits. Wang never filed a response to the motion to dismiss but filed her response to the summary judgment motion on November 14, 2006. Defendants filed their summary judgment reply on November 22, 2006. Both motions are ripe for review and determination.

## II. Analysis

### A.  Rule 12(b)(6) Legal Standard

Motions to dismiss under Rule 12(b)(6) are disfavored and rarely granted. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir. 1982). The Court liberally construes the complaint in the plaintiff's favor, and all pleaded facts are taken as true. *Campbell v. Wells Fargo Bank, N.A.*, 781 F.2d 440, 442 (5th Cir. 1986). Unless it appears beyond doubt that the plaintiff cannot prove any set of facts entitling it to relief, the complaint should not be dismissed. *Conley v. Gibson*, 355 U.S. 42, 45 (1957).

### B.  Rule 56 Summary Judgment Legal Standard

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id.*

The burden is on the summary judgment movant to prove that no genuine issue of material

5

fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgement is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

## C.    Breach of Contract

The Court begins with Wang's charge that Prudential wrongfully terminated her employment with the company on October 8, 2004, in breach of the Statutory Agent Agreement. In Texas, employment is at will, meaning that contracts of employment may be terminated by either the employer or the employee "for good cause, bad cause, or no cause at all." *Montgomery County Hosp. Dist. v. Brown*, 965 S.W.2d 501, 502 (Tex. 1998); *Stiver v. Texas Instruments, Inc.*, 750 S.W.2d 843, 846 (Tex. App. – Houston [14th Dist.] 1988, no writ) ("In order to establish a cause of action for wrongful termination, an appellant must prove that he and his employer had a contract that

specifically provided that the employer did not have a right to terminate his employment at will, and that the contract was in writing."). The at-will presumption is not rebutted simply because an employment contract is in writing. *Kadco Contract Design Corp. v. Kelly Servs., Inc.*, 38 F.Supp.2d 489, 494 (S.D. Tex. 1998) (citing *Lee-Wright, Inc. v. Hall*, 840 S.W.2d 572, 577 (Tex. App. – Houston [1ˢᵗ Dist.] 1992, no writ)). Rather, an employment agreement must directly limit the employer's right to terminate an employee without cause in a "meaningful and special way". *See Massey v. Houston Baptist Univ.*, 902 S.W.2d 81, 83 (Tex. App. – Houston [1ˢᵗ Dist.] 1995, writ denied).

Far from limiting Prudential's ability to terminate Wang's employment without cause, the Statutory Agent Agreement explicitly provides that the Agreement is *not* "intended to create a contract of employment for any definite period of time" and that Wang's "association with the Company as a statutory employee as well as this Agreement are terminable at-will, and both the Company and you have the right to end the association at any time for any reason or no reason with or without notice." (Defs. App. at 11). The Statutory Agent Agreement thus reinforced rather than negated Wang's at-will status. Because Prudential was entitled to end Wang's employment with the company for any reason or no reason under Texas law and the Statutory Agent Agreement, the Court finds that there exists no genuine issue of material fact with respect to Wang's breach of contract claim.

## D.     Duty of Good Faith and Fair Dealing

Wang also claims that, in terminating her, Prudential violated a duty of good faith and fair dealing. This claim must fail, as there is no duty of good faith and fair dealing in the employment context under Texas law. *See City of Midland v. O'Bryant*, 18 S.W.3d 209, 216 (Tex. 2000).

7

**E.    Failure to Exhaust Administrative Remedies – ADEA and Title VII Claims**

Prudential next argues that Wang is barred from bringing her age discrimination claim under the ADEA or her sex[3] discrimination claims under Title VII because she failed to exhaust her administrative remedies by including those claims in her EEOC Charge.  In the Fifth Circuit, a plaintiff must exhaust administrative remedies by filing a charge of discrimination with the EEOC prior to filing a civil action.  *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995).  The central purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims.  *See Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. Aug. 4, 2004).  While the resulting suit is not limited to the specific complaints contained in a Charge, the suit *is* limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination.  *See Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

In the Charge filed by Wang on July 25, 2005, Wang only checked the box for age discrimination and did not check the box for any other type of discrimination.  (Defs. App. 14).  Wang's failure to mark certain types of discrimination in her Charge does not automatically preclude her from bringing suit on those types of discrimination.  In the Fifth Circuit, "the crucial element of the charge of discrimination is the *factual* statement contained therein."  *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) (emphasis in original).  In her factual statement, Wang states only that she was discriminated against on the basis of her age in violation of the ADEA.  The

---

[3]  As Prudential correctly points out, any race-based discrimination claim asserted by Wang under Title VII was dismissed with prejudice by Judge Sanders in his May 25, 2006 order.  To the extent that Wang is asserting a race claim under 42 U.S.C. § 1981, the exhaustion requirement does not apply.  *See Walker v. Thompson*, 214 F.3d 615, 625 (5th Cir. 2000).

statement indicates that her age claim is premised on the fact that a younger Prudential insurance agent, Linda Wu Jordan, was allowed to advertise as an automobile agent in the Asian Gazette newspaper while she was not allowed to do so. (Defs. App. at 14). The factual statement fails to make any mention whatsoever of sex discrimination. In fact, the statement actually tends to refute the notion that Wang was discriminated against on the basis of sex (or race, for that matter), given that her complaint centers around the fact that another *Asian female* – Jordan[4] – was treated better than she was because she was younger. The Court finds that the facts alleged in Wang's Charge would not reasonably lead the EEOC to investigate any other form of discrimination but age discrimination. *See Anderson v. City of Dallas*, 116 Fed. Appx. 19, 24 (5th Cir. Oct. 28, 2004); *Gohe v. 7-Eleven, Inc.*, 2006 U.S. Dist. LEXIS 4747, at *5-6 (N.D. Tex. Feb. 8, 2006). Because Wang failed to exhaust a claim of sex discrimination, she is barred from asserting that type of claim in this suit.

Wang's age claim presents a closer question. Prudential argues that the harm described in Wang's Charge – that a younger insurance agent was allowed to advertise as an automobile insurance agent – is far removed from a claim that she was terminated because of her age. The Court's inquiry is limited to whether Wang's complaint of age discrimination in connection with her termination is "like or related to" the allegations made in the Charge and whether an investigation into her termination claim could reasonably be expected to grow out of those allegations. Although Wang's complaint about not being allowed to advertise in an Asian publication, taken alone, may be only tenuously, if at all, connected to the circumstances surrounding her termination, Wang stated in her

---

[4] Wang has attached copies of Jordan's advertisement in the Asian Gazette to her summary judgment materials. It is apparent from the advertisement that Jordan is a woman of Asian descent.

Charge that she believed she was discriminated against because of her age in violation of the ADEA, she checked the "age" box, and she indicated that the latest date on which the discrimination took place was October 8, 2004, the date of her termination. (Defs. App. 14). Regarding the facts alleged in the Charge as a whole, the Court finds that an investigation into whether Wang's October 8, 2004 termination was motivated in part by age discrimination could reasonably be expected to grow out of the factual allegations made in her Charge. Wang's age claim, then, is not barred for failure to exhaust.

**F.      Wang Has Failed to Raise a Fact Issue on Her Discrimination Claims**

Prudential next argues that all of Wang's extant discrimination claims based on the ADEA (age), Title VII (sex), and § 1981[5] (race) fail on their merits, even assuming that they are properly before the Court. Because there is no evidence of direct discrimination in this case, the Court applies the modified *McDonnell Douglas* burden-shifting framework. *See Roberson v. Alltel Info. Servs.*, 373 F.3d 647, 651 (5th Cir. 2004) (stating that standard of proof for Title VII discrimination claims also applies to ADEA and § 1981 claims). Under that scheme, a plaintiff must first establish a prima facie case of discrimination. *Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). If the plaintiff meets this burden, then a burden of production shifts to the defendant to articulate a legitimate, non-discriminatory reason for its actions. *Id.* If the defendant satisfies this threshold, then the plaintiff must produce evidence sufficient to raise a fact question "(1) that the defendant's reason is not true, but is instead a pretext for discrimination (pretext alternative); or (2) the

---

[5]Race discrimination claims under 42 U.S.C. § 1981 are evaluated under the same analytical rubric as Title VII discrimination claims. *See Raggs v. Mississippi Power & Light Co.*, 278 F.3d 463, 468 (5th Cir. 2002); *Walker*, 214 F.3d at 625.

defendant's reason, while true, is only one of the reasons for its conduct, and another 'motivating factor' is the plaintiff's protected characteristic (mixed-motive[s] alternative)." *Id.*

To make out a prima facie case of discrimination, a plaintiff must establish that: 1) she is a member of a protected class; 2) she was qualified for the position at issue; 3) she suffered an adverse employment action; and 4) she was replaced by someone outside the protected class or others similarly situated were treated more favorably. *See Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Prudential contends that Wang has failed to present any competent summary judgment evidence as to the fourth element – that is, that she has failed to show either that she was replaced by someone outside of her protected class or that similarly situated persons were treated more favorably than she was.

The Court examines whether Wang has met her burden of establishing a prima facie case by looking to the substance of the materials she submitted in response to Prudential's summary judgment motion. To say the least, Wang's response brief is confusing, diffuse, disordered, and, in many ways, incoherent. Rather than limiting her response to the specific legal claims actually asserted in her live pleading, Wang takes her response brief as an occasion to catalogue a wide array of grievances she has stored against Prudential and certain of its agents/employees since her affiliation with the company. Moreover, the "exhibits" to which Wang refers at times throughout the response do not correspond to her supporting evidentiary materials. Wang has thus failed in her duty to identify specific evidence in the record and to articulate the precise manner in which that evidence supports her claims. *See Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998). Although the Court is mindful of Wang's *pro se* status and her limited proficiency in the English language, "[t]here is a point at which even *pro se* litigants must become responsible for the

prosecution of their own cases if their claims are to warrant the court's attention." *Bookman v. Shubzda*, 945 F.Supp. 999, 1002 (N.D. Tex. 1996). The quality of Wang's evidentiary materials is also wanting. Wang has failed to even offer her own affidavit to support her claims, and the unsworn and unauthenticated documents that she did submit do not constitute competent summary judgment evidence. *See King v. Dogan*, 31 F.3d 344, 346 (5th Cir. 1994) (even *pro se* plaintiffs cannot rely on unsworn pleadings and unauthenticated documents to defeat summary judgment); *Baker v. Norman*, 651 F.2d 1107, 1123 (5th Cir. 1981).

In short, Wang has failed to present any admissible summary judgment evidence showing that she was replaced by someone outside her protected class or that those similarly situated to her were treated more favorably. Accordingly, she cannot make out a prima facie case of age, sex, or race discrimination. And even if she had, Prudential has proffered a legitimate, non-discriminatory reason for terminating her – namely, that she had misrepresentated a beneficiary's relationship to an insured client in violation of company policies. Wang appears to argue that Prudential's asserted justification is false becaue the Defendants were aware of the close relationship between her family and Weathers. (Pl. Resp. Brief at 29). The Court notes that Wang has submitted declarations from Weathers in which Weathers states that she "has accepted Judy and John Wang as a part of our family" and that John Wang "is the policy owner of that one insurance policy[.]" (*See* App. in Supp. Pl.'s Resp. at Tab B, at 1-4). This evidence, even if accepted, is insufficient to show that Prudential's reason for terminating Wang is a pretext for prohibited discrimination. After all, Prudential acknowledges the close relationship between the Wang family and Weathers. (Defs. App. at 3). Prudential asserts that its decision to terminate Wang, however, was based on the fact that Wang violated company policies by: designating her son as Weathers's "adopted grandson" on Weathers's insurance application when,

legally, he was not; failing to seek prior approval for making that designation; and creating an apparent conflict of interest by virtue of the designation. (Defs. App. at 2-3). Wang has thus failed to point to any admissible evidence that challenges the veracity of this assertion or which shows that prohibited discrimination played a part in the termination decision even if Prudential's asserted justification is true. *See Rachid*, 376 F.3d at 312. Prudential is thus entitled to summary judgment on Wang's remaining discrimination claims.[6]

**G.     Wang's Claims Against Defendant Treta Should be Dismissed**

The Court next turns to Defendants' argument that Plaintiff's Second Amended Complaint fails to state a cause of action against Defendant Treta. Judge Sanders had earlier dismissed with prejudice any claims against Treta in his individual capacity under the ADEA, Title VII, and the TCHRA. While Plaintiff's Second Amended Complaint, filed after Judge Sanders's ruling, continues to include Treta in the caption to that complaint, the body of the complaint itself fails to identify Treta even once. Wang has thus provided no basis upon which to hold Treta individually liable for her claims in this case, and the Court finds that all claims against Treta in his individual capacity should be dismissed as a matter of law.

**H.     Wang's Remaining Compensation-Based Claims**

The Court observes that Prudential has not moved for summary judgment on or to dismiss Wang's claims concerning Prudential's alleged failure to pay her certain earnings, benefits, and commissions to which she allegedly became entitled during her tenure with the company. Given that these claims are all that remain pending in this case, the Court orders the parties to file a written

---

[6] The Court notes that Wang has failed also failed to produce any sort of admissible evidence which would support a hostile work environment claim.

13

joint report, within 10 days of the date of this order, regarding the status of those claims.  The report shall contain a statement by Wang as to whether she intends to pursue such claims and, if so, a statement by Prudential as to whether it intends to file a dispositive motion as to those claims prior to trial.

### III.  Conclusion

For the reasons stated above, the Court GRANTS Defendant's motion for summary judgment (doc. 68) and motion for partial dismissal (doc. 67).  Wang's claims against Prudential for breach of contract, breach of the duty of good faith and fair dealing, and for hostile work environment, age, sex, and/or race discrimination under the ADEA, Title VII, and 42 U.S.C. § 1981, respectively, are DISMISSED with prejudice.  Wang's remaining claims asserted against Defendant Treta in his individual capacity are also DISMISSED with prejudice.  As noted in Section II.H. above, the parties are ORDERED to provide a joint written report within 10 days of the date of this order regarding the status of Wang's remaining claims in connection with Prudential's alleged failure to properly compensate Wang.

SO ORDERED.

SIGNED December 13th , 2006

JANE J. BOYLE
UNITED STATES DISTRICT JUDGE