UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JUDY WANG, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 3: 05-CV-2091-B |
| | § | |
| PRUDENTIAL FINANCIAL CORP., | § | |
| PRUDENTIAL INSURANCE COMPANY | § | |
| OF AMERICA d/b/a PRUDENTIAL | § | |
| INSURANCE COMPANY, and | § | |
| RICHARD TRETA, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM ORDER

Before the Court is Defendants' Motion for Summary Judgment on Plaintiff's Remaining Claims (doc. 114). The Court GRANTS the motion for the reasons explained below.

### I. Background

The facts of this case were set forth at length in this Court's December 13, 2006 Memorandum Order and need not be repeated here. In that order the Court dismissed with prejudice Wang's claims against Prudential for breach of contract, breach of the duty of good faith and fair dealing, and for hostile work environment, age, sex, and/or race discrimination under the ADEA, Title VII, and 42 U.S.C. § 1981. The Court observed in the order that Prudential did not move for summary judgment with respect to what the Court construed as Wang's claims against Prudential for allegedly failing to pay her certain earnings, benefits, commissions, and reimbursements to which she became entitled during her tenure with the company.

At the time the Court believed that these compensation-based claims were unrelated to the

1

discrimination-based claims.  Later, on January 5, 2007, the Court ordered Wang to file a one-page statement setting forth specific facts supporting her compensation-based claims.  Wang filed her statement on January 12, 2007.  Roughly speaking, Wang identified the following complaints:

1. Non-payment of fees associated with "Wang's prior authorized attending of Series 7 class and exam";

2. Non-payment of fees associated with obtaining "[t]he prior authorized Property/Casualty (Auto/Home) licenses";

3. Failure to reimburse Wang for "[t]he usual PRU authorized expenditures";

4. Certain "unearned commissions";

5. Failing to pay Wang for certain "authorized work" that she performed with Attorney Weddell Barnett;

6. Failure to pay Wang for accrued stock options

7. Failure to "register Wang's qualification" for lost series 65 exam

(Pl.'s January 12, 2007 One-Page Statement).  Wang clarified at her deposition taken on January 16, 2007 that her remaining claims are premised on race, sex, and/or age discrimination.  She testified as follows:

> Q: Is it your contention that you were not paid the items listed [on Wang's January 12, 2007 one-page statement] because of some form of discrimination?
>
> A: Yes.
>
> Q: Okay. And what type of discrimination are you claiming caused you not to be paid these items?  Are you claiming that that was because of your sex or gender?
>
> A: I don't know what you really want because you're going to say, well, this does not qualify. The intention is based on race, sex, age, hostile, everything. It was a terrible working environment, and it is way low, low, low quality working environment. The staff treat you as a second class citizen.
>
> Q: Okay. So just so I'm clear, you're claiming that you were not paid these items that

>   are listed on the second page of Exhibit 2 because of race discrimination, sex discrimination, age discrimination, and as a result of a hostile environment?
>
> A:   And –
>
> Q:   Is that a yes?
>
> A:   Yes. And they just don't want to pay me. They don't pay attention to me, and they just don't like me. It's completely different from my new job. Everybody love me. It's just a terrible, terrible, working environment. I can cry the rest of my life.

(Def. App. 51). Although Wang fails to identify the statutory bases for these discrimination claims, Prudential assumes that they are being brought pursuant to Title VII, § 1981, and/or the ADEA. On February 27, 2007, Prudential filed a supplemental motion for summary judgment seeking the dismissal of Wang's remaining claims in this case. That motion is now ripe for adjudication.

### III. Analysis

**A.    Summary Judgment Legal Standard**

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is appropriate when the pleadings and record evidence show that no genuine issue of material fact exists and that the movant is entitled to judgment as a matter of law. *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Only disputes about material facts will preclude the granting of summary judgment. *Id*.

The burden is on the summary judgment movant to prove that no genuine issue of material fact exists. *Latimer v. Smithkline & French Lab.*, 919 F.2d 301, 303 (5th Cir. 1990). If the non-movant bears the burden of proof at trial, the summary judgment movant need not support its motion with evidence negating the non-movant's case. Rather, the movant may satisfy its burden by pointing to

3

the absence of evidence to support the non-movant's case. *Id.*; *Little*, 37 F.3d at 1075.

Once the movant has met its burden, the non-movant must show that summary judgment is not appropriate. *Little*, 37 F.3d at 1075 (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986)). "This burden is not satisfied with 'some metaphysical doubt as to material facts,' . . . by 'conclusory allegations,' . . . by 'unsubstantiated assertions,' or by only a 'scintilla' of evidence." *Id.* (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)). The non-moving party must "come forward with 'specific facts showing that there is a *genuine issue for trial*.'" *Matsushita*, 475 U.S. at 587 (emphasis in original) (quoting FED. R. CIV. P. 56(e)). To determine whether a genuine issue exists for trial, the court must view all of the evidence in the light most favorable to the non-movant, and the evidence must be sufficient such that a reasonable jury could return a verdict for the non-movant. *Munoz v. Orr*, 200 F.3d 291, 302 (5th Cir. 2000); *Anderson*, 477 U.S. at 248.

**B.     Failure to File a Charge Within 300 Days of Discriminatory Act**

Prudential first argues that any compensation-based claims Wang is bringing pursuant to Title VII and the ADEA should be dismissed because Wang failed to timely file a charge of discrimination with respect to such claims. To support a claim for relief under Title VII or the ADEA, a plaintiff must file a charge of discrimination within 300 days of the alleged discriminatory action. 42 U.S.C. § 2000e-5(e) (Title VII); 29 U.S.C. § 626(d)(2) (ADEA); *Tillison v. Trinity Valley Elec. Co-op., Inc.*, 204 Fed. Appx. 346, 348 (5th Cir. Oct. 23, 2006). Wang filed her charge of discrimination on July 25, 2005. She is thus barred from complaining about any actions that occurred prior to September 28, 2004, 300 days before July 25, 2005. Virtually all of the actions of which Wang is complaining occurred prior to September 28, 2004. The only discernible action that clearly occurred after this

date was the cancellation of Wang's stock options upon her termination on October 8, 2004.[1] Accordingly, the Court finds that all of Wang's Title VII and ADEA claims arising out of actions which took place prior to September 28, 2004 are untimely and must be dismissed.

**C.   Failure to Exhaust Administrative Remedies**

Prudential next argues that Wang is barred from bringing compensation-based age, race, or sex discrimination claims under Title VII or the ADEA because she failed to exhaust her administrative remedies by including those claims in her EEOC Charge. In the Fifth Circuit, a plaintiff must exhaust remedies by filing a charge of discrimination with the EEOC prior to filing a civil action. *See Dollis v. Rubin*, 77 F.3d 777, 781 (5th Cir. 1995). The central purpose of the exhaustion requirement is to allow the agency to fully inquire into and attempt to resolve discrimination claims. *See Clayton v. Rumsfeld*, 106 Fed. Appx. 268, 271 (5th Cir. Aug. 4, 2004). While the resulting suit is not limited to the specific complaints contained in a Charge, the suit is limited by the scope of the EEOC investigation that could reasonably be expected to grow out of the initial charges of discrimination. *See Fine v. GAF Chem. Corp.*, 995 F.2d 576, 578 (5th Cir. 1993).

In the Charge filed by Wang on July 25, 2005, Wang only checked the box for age discrimination but not for any other type of discrimination. In the Fifth Circuit, "the crucial element of a charge of discrimination is the *factual* statement contained therein." *Sanchez v. Standard Brands, Inc.*, 431 F.2d 455, 462 (5th Cir. 1970) (emphasis in original). In her factual statement, Wang states only that she was discriminated against on the basis of her age in violation of the ADEA. The

---

[1] Prudential has established under the terms of Prudential's stock options program that employees terminated for cause are not allowed to exercise stock options after the date of their termination. (Def. App. 7). Because Wang was terminated for cause – for falsifying information on a client's insurance application – Wang was not entitled to exercise her options. (*Id.*).

statement indicates that her age claim is premised on the fact that a younger Prudential insurance agent was allowed to advertise as an automobile agent in the Asian Gazette newspaper while she was not allowed to do so. The Court finds that no claim of any type of discrimination arising from a failure to properly compensate or reimburse Wang could reasonably be expected to grow from Wang's EEOC Charge. Accordingly, Wang's remaining claims under Title VII and/or the ADEA should be dismissed on the additional ground that she failed to exhaust administrative remedies with respect to those claims.

**D.     Wang Has Failed to Raise a Fact Issue on Her Compensation-Based Claims**

To the extent that any of Plaintiff's compensation-based claims remain, the Court finds that Wang has failed to offer competent summary judgment evidence showing that Prudential treated her any differently than other similarly situated employees outside of her protected class with respect to its compensation and reimbursement policies. Thus, Wang has failed to establish even a prima facie case of discrimination. *See Okoye v. Univ. of Texas Houston Health Sci. Ctr.*, 245 F.3d 507, 512-13 (5th Cir. 2001). Nor has Wang presented competent summary judgment evidence raising a fact issue as to whether Prudential's legitimate non-discriminatory reasons for making its compensation-related decisions were merely a pretext for unlawful discrimination or that Wang's protected characteristics were a motivating factor in making those decisions. *See Rachid v. Jack in the Box, Inc.*, 376 F.3d 305, 312 (5th Cir. 2004). For these additional reasons, Prudential is entitled to summary judgment on Wang's remaining claims.

### III.  Conclusion

For the reasons stated above, the Court GRANTS Defendant's Motion for Summary Judgment on Plaintiff's Remaining Claims (doc. 114). Wang's claims against Prudential for failing

to properly compensate and/or reimburse her based on race, sex, and/or age discrimination are accordingly DISMISSED with prejudice.

SO ORDERED.

April  20th , 2007

_____
**JANE J. BOYLE
UNITED STATES DISTRICT JUDGE**